**Rafael Antonio AGUILAR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73808.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 29, 2004.

Linnette Tano Clark, Law Office of Linnette Tano Clark, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Anthony P. Nicastro, Esq., Office of Immigration and Litigation, Department of Justice, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Rafael Antonio Aguilar, a native and a citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), affirming without opinion the immigration judge's ("IJ") denial of asylum on credibility grounds. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Pursuant to 8 C.F.R. § 1003.1(e)(4)(ii) we review the IJ's adverse credibility determination as the final agency decision. We review the IJ's adverse credibility determination under a substantial evidence standard. *See Andriasian v. INS,* 180 F.3d 1033, 1040 (9th Cir.1999). We deny Aguilar's petition.

Aguilar's claim for asylum rests on a incident in which Guatemalan guerrillas kidnapped him. Though he unequivocally and repeatedly stated that he only had that one encounter with the guerrillas, he reversed himself when confronted with contrary assertions on his asylum application. Under the circumstances, we cannot

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

say that Aguilar has demonstrated that "no reasonable factfinder could fail to find [that Aguilar was credible]." *Elias–Zacarias v. INS,* 502 U.S. 478, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Sufficient evidence supports the IJ's finding that Aguilar has not shown his eligibility for asylum or withholding of removal.

The BIA's streamlining procedures did not violate due process. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**